RICHARD W. ROBINSON *vs.* JOTHAM C. LARRABEE.

The voluntary relinquishment, by the bailee, of possession of the subject of the bailment discharges his lien unless it is consistent with the contract, the course of business, or the intention of the parties, that it should continue.

When the bailee has parted with his possession, the presumption is that he has waived or abandoned his lien, unless his conduct, in so doing, is satisfactorily explained.

The forfeiture of a lien claim, when once incurred, is not waived by a subsequent arrangement between the parties, whereby the bailee resumes the custody of the subject of the bailment, unless such was the intention of the parties.

On EXCEPTIONS.

TROVER, brought by the plaintiff as administrator to recover for a counter, of the alleged value of ten dollars, belonging to the estate of his intestate, and taken and converted by the defendant, who justified his possession and detention of it under a claim of lien upon it for two years' storage of it.

This action was originally commenced before the municipal court of Portland, and thence taken by the defendant, by appeal, to the superior court, where it was tried before the justice, with right to except, at its October term, 1872. The justice of that court found, as matter of fact, that the counter was left by the plaintiff's intestate at the defendant's shop, where it remained two years, under an agreement that the defendant should be paid for its storage. At the end of that time, Mr. Larrabee removed to a new store, leaving the counter in his old one, where it remained some months, till the proprietor of that building requested its owner to take it away. Thereupon, the plaintiff's intestate made an agreement with Mr. Larrabee to put the counter into his new store, which he did, and it still remains there, where he has some use for it, and therefore does not demand storage, but claims to hold it for the amount due for the two years storage of it in the shop where it was originally deposited. And the justice ruled, as mat-

ter of law, that by the interruption of the defendant's possession, while the counter remained in the old store, after he had left it, his lien for storage was lost ; and therefore, the plaintiff was entitled to possession of it on the day of his demand of it, August 28, 1872, and awarded damages accordingly. The defendant excepted.

*A. Merrill,* for the defendant.

There was never any intention to relinquish the lien, nor any conduct inconsistent with its continuance ; it was therefore retained. When the owner of the old store, ignorant of the lien, notified the plaintiff's intestate to remove it, instead of doing so himself, he at once notified Mr. Larrabee, who took it to his present store. It was really in his possession all the time; sufficiently so to preserve his lien.

*R. W. Robinson,* pro se.

DICKERSON, J. TROVER for the value of a merchant's counter.

There is no question but the voluntary relinquishment, by the bailee, of possession of the subject of the bailment discharges his lien, unless it is consistent with the contract, the course of business or the intention of the parties. The conduct of the bailee in parting with his possession is inconsistent with the preservation of his lien, and where that is proved, the presumption is, that he has waived, or abandoned it, unless his conduct in so doing is satisfactorily explained. *Danforth* v. *Pratt,* 42 Maine, 52 ; *Spaulding* v. *Adams,* 32 Maine, 212.

The judge of the superior court found as matter of fact, that the defendant left the counter, upon which it is conceded he had a lien for storage, in the store, from which he removed when he went into a new store, where it remained for two or three months thereafter, and until the owner of the store notified the plaintiff's intestate to remove it.

These facts, unexplained, prove that the defendant parted with his possession during that interval, and raise the presumption that

he thereby waived or abandoned his lien ; and there are no other facts found by the judge, that so far explain or control these, as to rebut this presumption. The case thus far, comes strictly within the rule of law by which a lien claim is forfeited.

But it is argued by the counsel for the defendant that this infirmity, if such it is, is cured by the other facts found by the judge, that the plaintiffs' intestate made a subsequent agreement with the defendant to take the counter into his new store to which it was removed and where it remained when this action was brought. If that arrangement constitutes a waiver of the forfeiture, it must be because such was the intention of the parties. But the judge did not find such intention. On the contrary, he did find that that arrangement was a new one differing widely in terms from the former one, and independent of it.

Upon a view of the whole case the judge held, as matter of law, that the defendant had lost his lien, and we see no reason for questioning the soundness of his decision.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.